**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| ISAIAH HUNTER, JR., | * | |
| | * | |
| Petitioner, | * | CASE NO. 3:08-CV-90020 CAR |
| vs. | * | 28 U.S.C. § 2255 |
| | * | CASE NO. 3:05-CR-00024 CAR |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Hunter's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner was originally indicted in this court on July 19, 2005, and charged with Possession of a Firearm by A Convicted Felon in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e)(1). (R-14). Petitioner Hunter was tried by jury for that offense and found guilty on May 9, 2006. (R-88). He was subsequently sentenced to a total term of imprisonment of 70 months to be followed by three years of supervised release, judgment of which was entered of record on August 22, 2006. (R-93). No direct appeal was filed by Petitioner Hunter and, therefore, his sentence became final on September 11, 2006, which was ten days following the date judgment was entered.

On August 20, 2007, Petitioner filed a Motion for Leave to File an Out of Time Appeal which was denied by the court on November 6, 2007. (R-96). Thereafter, on July

11, 2008, Petitioner Hunter filed his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, presently under consideration. (R-97).

## The AEDPA Statute of Limitations

Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence is time-barred by the AEDPA 1-year statute of limitations contained in 28 U.S.C. § 2255, unless he has legal cause for equitable tolling. The Anti-Terrorism and Effective Death Penalty Act (AEDPA), in relevant part of 28 U.S.C. § 2255, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner Hunter had ten (10) days after judgment was entered on his conviction to file a notice of appeal in his case. The Eleventh Circuit Court of Appeals has held that when no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is exhausted." *Adkins v. United States,* 204 F.3d 1086, 1089 (11th Cir. 2000). As noted above, Petitioner's conviction became final for purposes of the AEDPA on September 11, 2006. Therefore, the one-year period within which Petitioner

2

could have filed his § 2255 Motion therefore began on September 11, 2006, and expired on September 10, 2007. Thus, his present § 2255 Motion, filed on July 11, 2008, is time-barred by ten (10) months.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence be DENIED as barred by the statute of limitations contained in 28 U.S.C.§ 2255. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 29th day of July, 2008.

                                          S/ G. MALLON FAIRCLOTH
                                          UNITED STATES MAGISTRATE JUDGE